846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Edward JAMES, Defendant-Appellant.
 No. 86-7068.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1988.
Decided May 2, 1988.
 
 Raymond Edward James, appellant pro se.
 John Douglas McCullough, Assistant U.S. Attorney, for appellee.
 Before SPROUSE, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond James pled guilty to armed bank robbery (18 U.S.C. Sec. 2113(d)) and kidnapping to avoid capture after robbing a bank (18 U.S.C. Sec. 2113(e)). He was sentenced to life in prison on the kidnapping count, with a consecutive twenty-five year sentence on the robbery count. The sentencing court also ordered James to make restitution to the bank in the amount of $50,000 (the amount stolen), and to the teller whom he kidnapped.
 
 
 2
 The court's order gave the bank the option of taking certain property in James' possession at the time of his arrest and having its value applied to the $50,000 restitution owed by James or having the property sold and taking the proceeds. The bank opted to receive the property; the district court directed the FBI agent to ascertain the fair market value of the property.
 
 
 3
 After a prior Sec. 2255 motion filed by James, the district court vacated James' robbery conviction (18 U.S.C. Sec. 2113(d)), finding it to be a lesser included offense of his kidnapping conviction (18 U.S.C. Sec. 2113(e)). James then filed this Sec. 2255 motion, alleging both lack of due process at the sentencing hearing and a failure to comply with the provisions of the statute authorizing restitution (18 U.S.C. Secs. 3579 and 3580). The district court denied relief and James has appealed.
 
 
 4
 We find first that James has waived review of his due process claims regarding the destruction and other disposition of his property by failing to object at the sentencing hearing and by failing to demonstrate cause for his failure to object. United States v. Frady, 456 U.S. 152, 167-69 (1982).
 
 
 5
 Second, restitution is proper because James still stands convicted of bank robbery, which is an element of 18 U.S.C. Sec. 2113(e). At his sentencing proceeding, James stated that he had no objection to the trial court's restitution order, and he did not appeal from that order. By failing to appeal at the time restitution was imposed, James has waived his claim that the district court failed to comply strictly with Secs. 3579 and 3580 in imposing restitution. Nonconstitutional claims which could have been raised in an appeal, but were not, may not be raised in collateral proceedings.* Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976).
 
 
 6
 We therefore affirm the order of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 AFFIRMED.
 
 
 
 *
 James' case was placed in abeyance for this Court's decision in United States v. Coppick, No. 86-7226 (4th Cir. Dec. 3, 1987) (unpublished), which also dealt with the issue of a district court's failure to comply with Sec. 3580 in imposing restitution. Although this Court remanded Coppick, that case is distinguishable from James' case because the plaintiff in Coppick alleged that her failure to appeal the restitution order was due to ineffective assistance of counsel